UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 06-141ML |
| | ) | |
| | ) | |
| JOSE CANDELIER | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A DOWNWARD DEPARTURE**

## I. INTRODUCTION

The Defendant, JOSE CANDELIER, by and through his undersigned counsel, hereby submits the instant Memorandum in support of his Motion For A Downward Departure, pursuant to U.S.S.G. § 4A1.3(b). In the PreSentence Report ("PSR") Mr. Candelier is computed to have 11 criminal history points. Based upon the total of his criminal history points, Mr. Candelier is assigned a criminal history category of V, the second highest criminal history category possible. The evidence related to Mr. Candelier's criminal history establishes that criminal history category V substantially over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes. As such, a downward departure pursuant to U.S.S.G. § 4A1.3(b) is appropriate.

## II. BACKGROUND

According to the Prosecution Version in the PSR, Mr. Candelier was arrested on August 18, 2006 by the Providence Police Department. On August 21, 2006, Mr. Candelier was arrested by agents from the Bureau of Immigration and Customs

Enforcement ("ICE"). It is unclear how and why Mr. Candelier was apparently held in custody by the Providence Police Department for 3 days. Subsequently, Mr. Candelier was in the custody of ICE from August 21, 2006 until September 5, 2006. On September 5, 2006, Mr. Candelier appeared before United States Magistrate Judge David L. Martin for an initial appearance. Magistrate Judge Martin ordered Mr. Candelier detained pending further proceedings. On December 20, 2006, after waiving his right to an indictment, Mr. Candelier pleaded guilty to a one (1) count Information, which charged him with illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). Mr. Candelier undertook his waiver of indictment and guilty plea absent a plea agreement with the Government.

A PSR was prepared by the United States Probation Office and made available to the parties on February 9, 2007. In the PSR, the applicable guidelines sentencing range is computed to be 70 to 87 months. Mr. Candelier is scheduled to be sentenced on April 6, 2007.

III. <u>DOWNWARD DEPARTURE</u>

Section 4A1.3(b) of the Sentencing Guidelines governs the availability of a downward departure based upon a criminal history that overstates the seriousness of a defendant's criminal history or the likelihood of recidivism. Specifically, section 4A1.3(b) provides in pertinent part as follows:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b). Application of the foregoing guidelines section to Mr. Candelier's criminal history establishes that the use of a criminal history category of V in computing his sentence is contrary to the policies that underlay the Guidelines' use of criminal history as a sentencing factor.

All of the information on which Mr. Candelier relies to support his position that his criminal history category overstates the seriousness of his criminal history and likelihood of recidivism are contained in Parts B and C of the PSR, respectively "The Defendant's Criminal History" and "Offender Characteristics." The foregoing sections of the PSR are based upon court records and interviews conducted by the Probation Officer. Further, none of the information from those court records or interviews is contradicted in any other section of the PSR. As such, the "reliable information" component of section 4A1.3(b) is satisfied.

Of Mr. Candelier's 11 criminal history points, 9 points are associated with 3 narcotics related offenses. All 3 convictions are from cases that were prosecuted in Superior Court for the State of Rhode Island. Further, all 3 cases involved Mr. Candelier's nolo pleas to delivery of a controlled substance. The dates of the offenses in the 3 cases were 01/21/92, 08/01/92 and 01/03/01. As such, two of the crimes result from conduct that is approximately 15 years old. The conduct upon which the third offense is premised occurred more than six years ago. The 01/03/01 arrest was Mr. Candelier's last contact with law enforcement prior to his arrest in this case. Thus, the underlying criminal conduct is significantly remote in time from the instant offense. Further, the dates of the underlying conduct do not establish any type of pattern of criminal activity. Accordingly, the likelihood of recidivism is also remote.

As indicated in the narratives in the PSR following the first 2 narcotics cases, the amount of cocaine and money involved in each case was not significant, i.e., approximately 1 ounce of cocaine in the first case and one small plastic bag containing seven smaller plastic bags in the second case. The third case does not refer to a specific amount. However, the sentence in the third case did not involve any time to be served in prison. As such, it can be inferred that the quantity of narcotics was not significant. Concerning money involved in the cases, $164 and $231, respectively, was seized from Mr. Candelier in the first and second cases. The narrative for the third case makes no mention of money being seized, which supports the inference that there was none, or only a minimal amount. Despite the relatively insignificant quantities of drugs and money involved in the three cases, for criminal history purposes, Mr. Candelier is treated in the same manner as a major narcotics trafficker who was engaged in multi-kilogram transactions involving hundreds of thousands of dollars. That the criminal history category is the same for such disparate conduct reinforces Mr. Candelier's position that his criminal history category overstates the seriousness of his criminal history.

The remaining two points in Mr. Candelier's criminal history computation result from two offenses that are of a domestic relations nature. Both offenses arise from a relationship he had with Ms. Rosa Martinez. As indicated in the PSR, Ms. Martinez has made multiple complaints against Mr. Candelier. Although domestic relations complaints must be accorded due weight, there is sufficient evidence in the PSR to support a finding that Ms. Martinez's complaints were the product of a dysfunctional relationship rather than Mr. Candelier's conduct alone. This inference is buttressed by

the fact that Ms. Martinez was the person who reported Mr. Candelier to the Providence Police, leading to his arrest in the instant case.

At the time of his arrest August 18, 2006, Mr. Candelier was staying at his sister's home in Providence. He was not arrested while engaging in some type of criminal conduct, e.g., narcotics trafficking. Indeed, there is no information contained in the PSR that Mr. Candelier was involved in any illegal activity after he re-entered the United States. The foregoing is further evidence that the likelihood of recidivism is not significant.

V. CONCLUSION

At first glance, a mechanical application of the Sentencing Guidelines provisions to Mr. Candelier's criminal history may appear to be appropriate. However, closer analysis reveals that for the above-stated reasons a criminal history category of V overstates the seriousness of Mr. Candelier's criminal history and the likelihood that he will commit other crimes. Accordingly, Mr. Candelier respectfully requests that the Court grant the instant motion for a downward departure pursuant to U.S.S.G. § 4A1.3(b) and reduce his criminal history category accordingly.

Respectfully submitted this 29th day of March, 2007.

JOSE CANDELIER, Defendant
By his Counsel,

/s/ Charles A. Tamuleviz

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

CERTIFICATION

On this 29th day of March 2007, I caused the Defendant's Memorandum in Support of His Motion For A Downward Departure to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Stephanie S. Browne
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com