UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 06-141ML |
| | ) | |
| | ) | |
| JOSE CANDELIER | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A SENTENCE BELOW THE APPLICABLE SENTENCING GUIDELINES RANGE**

I. INTRODUCTION

The Defendant, JOSE CANDELIER, by and through his undersigned counsel, hereby submits the instant Memorandum in Support of his Motion For A Sentence Below The Applicable Sentencing Guidelines Range and in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing, as required by 18 U.S.C. § 3553(a), in light of United States v. Booker, 543 U.S. 220 (2005).

Booker restored district courts' ability to fashion a sentence tailored to the individual circumstances of a particular case and defendant by requiring courts to consider factors in addition to the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, pursuant to 18 U.S.C. § 3553(a) the court is required to impose a sentence below the applicable range if such a sentence is sufficient to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). Essentially, the sentencing

purposes in § 3553(a)(2) are the following: punishment; deterrence; protection of the public; and appropriate correctional treatment for the defendant.

In the instant case, Mr. Candelier respectfully requests that the Court consider several important mitigating factors in fashioning an appropriate sentence, including but not limited to the following. First, Jose Candelier had an exceptionally traumatic childhood. Second, the disproportionate nature of the sentence calculated under the Sentencing Guidelines when compared to the conduct associated with the instant offense. Third, the impact on Mr. Candelier and his family from his inevitable deportation following the conclusion of his sentence in this case. Fourth, Mr. Candelier's post arrest commitment to repair and rebuild his life. When considered individually, collectively, and in the unique circumstances of this case, the aforementioned mitigating factors merit a sentence substantially below the applicable sentencing guidelines range.

II. BACKGROUND

According to the Prosecution Version in the Pre-Sentence Report ("PSR"), Mr. Candelier was arrested on August 18, 2006 by the Providence Police Department. On August 21, 2006, Mr. Candelier was arrested by agents from the Bureau of Immigration and Customs Enforcement ("ICE"). It is unclear how and why Mr. Candelier was apparently held in custody by the Providence Police Department for 3 days. Subsequently, Mr. Candelier was in the custody of ICE from August 21, 2006 until September 5, 2006. On September 5, 2006, Mr. Candelier appeared before United States Magistrate Judge David L. Martin for an initial appearance. Magistrate Judge Martin ordered Mr. Candelier detained pending further proceedings. On December 20, 2006, after waiving his right to an indictment, Mr. Candelier pleaded guilty to a one (1) count

Information, which charged him with illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). Mr. Candelier undertook his waiver of indictment and guilty plea absent a plea agreement with the Government.

A PSR was prepared by the United States Probation Office and made available to the parties on February 9, 2007. In the PSR, the applicable guidelines sentencing range is computed to be 70 to 87 months. Mr. Candelier is scheduled to be sentenced on April 6, 2007.

III. POST *BOOKER* SENTENCING

In United States v. Jiminez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006)(en banc), the First Circuit set forth the appropriate approach for district courts to follow at sentencing. Initially, the court must calculate the correct guidelines sentencing range. Id. Next, any proposed departures should be considered, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the applicable guidelines range. Id. The sentencing court's discretion remains constrained by 18 U.S.C. § 3553(a), which requires courts to consider a number of factors enumerated within the statute. United States v. Smith, 445 F.3d 1, 3 (1st Cir. 2006), citing United States v. Pho, 433 F.3d 53, 61-62 (1st Cir. 2006). The sentence imposed by the court is subject only to the ultimate requirement of "reasonableness." United States v. Jiminez-Beltre, at 517.

## IV. STATUTORY SENTENCING FACTORS

### A. The History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Information concerning Mr. Candelier's personal and family characteristics is set forth in detail in Part C of the Presentence Report ("PSR"). The picture painted in the PSR of Mr. Candelier's early life is not a positive one. Mr. Candelier was one of ten children. His early years were spent in the Dominican Republic, being cared for by "service people" because his parents had gone to the United States to work. Mr. Candelier began drinking alcohol when he was eight years old. Since then, he has had difficulties with alcohol abuse. When Mr. Candelier was sixteen or seventeen years old, he was involved in a serious motorcycle accident. Mr. Candelier was hospitalized for his injuries from the accident, which included a head injury that resulted in his being unconscious for three days. Mr. Candelier's childhood and teenage years were problematic at best.

Despite the hurdles he encountered in his early years, Mr. Candelier is close with his family members. All of Mr. Candelier's siblings, except for one, reside in the United States, as does his mother. It is this close familial relationship that was a significant motivating factor in Mr. Candelier's return to the United States in 2004 after his deportation. For approximately the past three years, Mr. Candelier has been involved in a relationship with Ms. Fatima Matrille. Ms. Matrille resides in New York. Mr. Candelier recognizes that following completion of his sentence in the instant case he will most likely be deported to the Dominican Republic. This separation from those close to him is the most severe punishment that can be imposed on Mr. Candelier. A lengthy prison sentence will unnecessarily compound that punishment.

Of the last nineteen years, Mr. Candelier has only spent approximately three years in the Dominican Republic. Unlike many people who are deported from the United States and returned to a country that is their "home country" in name only, Mr. Candelier does have some support systems available to him. Mr. Candelier will essentially be forced to start a new life in the Dominican Republic. Thankfully, Mr. Candelier's brother Juan, who resides in the Dominican Republic, has indicated a willingness to help Mr. Candelier get started by giving him a job and a place to stay in the Dominican Republic. Nevertheless, economic conditions can change quickly. Juan Candelier's offer of support should not be put at risk due to the passage of time associated with a lengthy prison sentence.

B. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)

Mr. Candelier was deported from the United States on or about June 16, 2001. After his deportation, Mr. Candelier spent approximately three years in the Dominican Republic. During that time Mr. Candelier was without any steady employment, was in a pattern of alcohol abuse, had to sleep on the floor often, and was depressed about his separation from all his relatives in the United States. Ultimately, motivated by the foregoing circumstances Mr. Candelier re-entered the United States in 2004.

Unlike many other prosecutions of this type, Mr. Candelier was not arrested while involved in some type of criminal conduct. Instead, he was arrested by Providence Police while he was at his sister's house. The circumstances indicate that Rosa Martinez, Mr. Candelier's former girlfriend, provided information to the police that led to Mr. Candelier's arrest. Thus, this case did not start with law enforcement activity related to other criminal conduct by Mr. Candelier. Instead, its conception was the result of the

vengeful actions of a spurned woman. The foregoing circumstances militate towards leniency in sentencing.

C. <u>The Need for the Sentence Imposed, 18 U.S.C. § 3553(a)(2)</u>

A necessary factor to be considered by the Court in sentencing Mr. Candelier is punishment. When one considers that for the remainder of his life Mr. Candelier will be separated from all of his family except one brother, a family that he has a close relationship with, the punishment is overwhelming. There is no measurable gain or objective to be attained in terms of punishment by imposing a lengthy prison sentence. Mr. Candelier has been in custody for approximately six months already. To impose a sentence that includes significant additional prison time will not further the interests of justice.

Another factor that enters into the sentencing equation is deterrence of others and the defendant. The crime of illegally re-entering the United States after having been previously deported is generally motivated by economic, cultural and familial factors. A potential prison sentence, of whatever length, usually does not operate as an outcome determinative factor in an individual's decision making process concerning illegally re-entering the United States. As such, any potential deterrence of others as it relates to this type of offense is minimal. Further, after six months of detention Mr. Candelier fully appreciates the consequences of his actions and is extremely unlikely to follow the same path in the future.

Mr. Candelier has not let the time he has spent incarcerated since his arrest, a period of almost 6 months, pass idly by. He has been working in various jobs at the detention facility. Additionally, he has become involved in activities related to Bible

study and religious classes. The foregoing activities evidence Mr. Candelier's commitment to move his life in a positive direction and further establish that a sentence of imprisonment significantly below the applicable Sentencing Guidelines range is appropriate in this case.

V. CONCLUSION

At first glance, this case may appear to be a familiar one, i.e., an illegal re-entry case involving someone with a criminal history. However, when the details are examined this case is anything but typical. Mr. Candelier has endured a difficult childhood, as well as alcohol abuse. His arrest in this case resulted not from his involvement in any criminal activity, but rather vengeance of a former girlfriend. The sentencing range provided for by the Guidelines is disproportionate to the offense conduct. Additionally, as set forth in Mr. Candelier's Motion for a Downward Departure and supporting Memorandum (which are incorporated by reference herein) his criminal history category overstates the seriousness of his criminal history and the likelihood of recidivism. Further, Mr. Candelier has engaged in positive post arrest conduct. In consideration of the foregoing, the Defendant, JOSE CANDELIER, respectfully requests that the Court impose a sentence of 12 months imprisonment, a term of supervised release that it deems appropriate, and no fine.

Respectfully submitted this 30th day of March, 2007.

JOSE CANDELIER, Defendant
By his Counsel,

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

## CERTIFICATION

On this 30th day of March 2007, I caused the Defendant's Memorandum In Support Of His Motion For A Sentence Below The Applicable Sentencing Guidelines Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Stephanie S. Browne
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz

Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com