IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 06-141ML |
| VS. | ) | |
| | ) | |
| JOSE CANDELIER | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant's Motion for Downward Departure.

Defendant puts forth one ground for a downward departure, a purported over-representation of Criminal History Category (CHC); however, it is not sufficient to justify a downward departure from the guideline range.

**DOWNWARD DEPARTURES**

In light of United States v. Booker, 543 U.S. 220 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006). Sentencing courts are to "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S.. at 224; see also 18 U.S.C. § 3553(a)(4).

Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

In this case, defendant argues for a downward departure pursuant to guideline § 4A1.3, claiming that his CHC over-represents the seriousness of his criminal history. He is wrong.

Over-representation of a criminal history is an encouraged ground for a downward departure. United States v. Mangos, 134 F. 3d 460 (1st Cir. 1998). The Court may consider a downward departure where the Court concludes that "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). The guideline commentary provides, as an example, that a downward

departure may be warranted in the case of a defendant with only two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. USSG § 4A1.3 comment. n.3.

In the instant case, Candelier's criminal history is not over-represented, to the contrary, it may very well be under-represented. The Court should note as an initial matter that defendant does not dispute the fact of any of his prior convictions as they are stated in the Presentence Report (PSR). Candelier is correct in stating that he received criminal history points for 3 prior convictions, 2 of which were in 1994. Defendant has chosen to refer to the offense dates for these (1992) rather than the dates of conviction. Each of those cases involved drug trafficking offenses which occurred less than a year apart. He was sentenced within days on each of them. What defendant also fails to mention is that he violated the terms of his sentences for each of them multiple times. Candelier also fails to mention that there are several convictions for which he received no criminal history points nor does he mention that those offenses involve violation of protective orders and malicious destruction of property and also constituted violations of his state sentences for the drug trafficking convictions. Perhaps most telling is that from his conviction in December, 1991 to 2001 defendant rarely went for longer than 24 months without re-offending. Nearly every year since 1991 he has been before some court on a criminal charge. His CHC accurately represents his level of criminality and its severity. There is no basis upon which to grant him a downward departure.

The government contends that a review of the sentences received by defendant for his prior offenses shows that he has been treated very leniently by the judicial system. If there is any extraordinary factor present here, it is found in defendant's temerity to seek a downward

departure. This departure ground should be rejected.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephanie S. Browne

STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov

CERTIFICATION OF SERVICE

On this 2nd day of April, 2007, I caused the Government's Response to Defendant's Motion for Downward Departure to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Charles A. Tamuleviz
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, RI 02903
email: cat@thbrilaw.com

/s/ STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov